
FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 29 2005

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

MICHELLE DIANE BROWN                                              PLAINTIFF
ADC #703194

V.                          NO. 1:03CV00112 SWW/JWC

MICHELLE D. WILLIAMS, et al                                       DEFENDANTS

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

On December 9, 2004, Defendants filed a motion for summary judgment and brief in support (docket entries #30, #31) seeking to dismiss Plaintiff's 42 U.S.C. § 1983 complaint on the grounds that she has failed to establish a constitutional violation and, alternatively, that they are entitled to qualified immunity. Defendants also filed a statement of material facts in support of their motion (docket entry #32) pursuant to Local Rule 56.1 of the Rules of the United States District Court for the Eastern District of Arkansas. By order entered December 15, 2004 (docket entry #33), Plaintiff was notified of her opportunity to file a responsive pleading opposing Defendants' motion. Plaintiff was advised that her response to the motion might include opposing or counteraffidavits, executed by her or other persons, which had either been sworn to under oath or declared to under penalty of perjury in accordance with 28 U.S.C. § 1746. Plaintiff was further advised that if she disagreed with Defendants' statement of facts, she should file a separate, short and concise statement setting forth the facts which she thought needed to be decided at a trial. In addition, Plaintiff was clearly warned that her failure to file a statement of facts would result in the facts in Defendants' statement being admitted. Plaintiff was directed to file her responsive pleading on or before January 14, 2005.

Although Plaintiff subsequently filed a motion in limine, a third motion for appointment of counsel, a witness and exhibit list, and a second witness list (see docket entries #36, #37, #38, #44), she has filed no response to Defendants' motion for summary judgment.

## I. Background

Plaintiff's original, first, and second amended complaints, as well as two addenda (docket entries #2, #5, #11, #12, #28) state claims for relief under the Eighth Amendment as well as state law causes of action for assault, battery, and intentional infliction of emotional distress. This lawsuit concerns a single incident involving alleged excessive force. According to Plaintiff's complaint, she was strip-searched on April 20, 2003, in the bathroom area of her barracks. When the search was complete, she walked to the sink to get some water and then back to the toilet to spit it out. While attempting to flush the toilet, Defendant Williams pushed her down over the toilet causing Plaintiff to hit her head on the back of the toilet bowl and her knee to hit the floor. While he held her there, Defendant Turner placed his knee in Plaintiff's back using all of his weight. Plaintiff claims she was held this way for ten minutes and then placed in handcuffs that were so tight they caused her fingers to tingle, go cold, and then numb. She was then rushed/dragged to medical where she was seen by a Mr. Grigsby who acknowledged her knee injury as well as the tightness of the handcuffs; however, he told Plaintiff that her fingers "wouldn't fall off before [she] got to segregation." Plaintiff alleges that she received no treatment that night and instead was taken to segregation and placed in the shower with the handcuffs still on. Plaintiff further claims that during the entire altercation she was subjected to a "barrage of violent, abusive, and offensive language" directed towards her without cause. In her most recent complaint, Plaintiff seeks $45,000 in compensatory damages, $95,000

2

in punitive damages, and injunctive relief and an order of protection for future possible retaliation or harm.

Defendants' recitation of the facts is different. According to their statement in support of the motion for summary judgment, on April 20, 2003, CO-1 Montgomery was making security checks on the roof. He radioed Sergeant Wagner and advised her that Plaintiff was stuffing something into her bra. Sergeant Wagner called Defendant Williams on the phone and they both went to Plaintiff's housing unit to conduct a strip-search of Plaintiff in the bathroom. Upon completion of the search, Plaintiff walked to the sink and pretended to spit. Defendant Williams gave Plaintiff a direct order to spit out the object in her mouth. Plaintiff refused, ran to the toilet, spit out the object, and then flushed the toilet. Defendant Williams held Plaintiff away from the toilet and then retrieved the object from the toilet that was later discovered to be a small amount of tobacco wrapped in plastic, two envelopes of "Top" brand cigarette papers, and one orange pill wrapped in plastic. After retrieving these objects, Defendant Williams gave Plaintiff a direct order to stop resisting so that she could be handcuffed but Plaintiff refused to comply. Defendant Turner ran to the bathroom to assist when he saw Defendant Williams struggling to handcuff Plaintiff. As Defendants were attempting to handcuff Plaintiff, approximately thirty to forty inmates came towards them and banded together causing the situation to escalate into what could be classified as a mini riot. Defendants were the only officers in the bathroom at the time. Plaintiff was subsequently escorted to medical for a pre-segregation exam and then to segregation. While Defendants acknowledge that an altercation did occur between themselves and Plaintiff, they claim that Plaintiff was aggressive, combative, resisted

apprehension, and failed to obey several direct orders of staff (see docket entry #32 & Exhibits 1-8).

Pursuant to Local Rule 56.1(c) of the Rules of the United States District Court for the Eastern District of Arkansas, all material facts set forth in Defendants' statement of material facts shall be deemed admitted unless controverted by a statement filed by Plaintiff. Plaintiff has filed no such statement despite a clear opportunity to do so. Therefore, although a litigant's verified complaint is generally considered an affidavit for purposes of summary judgment, Burgess v. Moore, 39 F.3d 216, 218 (8th Cir. 1994), the Court should adopt Defendants' recitation of the facts. See Jackson v. Arkansas Dep't of Educ., Vocational & Technical Educ. Div., 272 F.3d 1020, 1027 (8th Cir. 2001) ("pursuant to Local Rule 56.1(c), [plaintiff] forfeited her ability to contest the facts presented in the Department's original summary judgment motion by her failure to respond to the Department's motion"); see also In re: Bridge Info. Sys., Inc., 297 B.R. 759, 762 n.2 (Bankr. E.D. Mo. 2003) (citing Jackson, 272 F.3d at 1027-28) (same); Washington v. Robinson, 68 F.3d 479 (8th Cir. Oct. 18, 1995) (unpub. per curiam) (§ 1983 lawsuit involving excessive force used in connection with arrest dismissed on summary judgment motion; no abuse of discretion where district court deemed facts admitted and granted summary judgment based upon plaintiff's failure to respond to the motion within the time required by the Arkansas local rules). For the reasons explained herein, Defendants' motion should be granted.

## II. Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there

is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The Court must view the evidence in the light most favorable to the nonmoving party, giving her the benefit of all reasonable factual inferences. Reed v. ULS Corp., 178 F.3d 988, 990 (8th Cir. 1999). A moving party is nevertheless entitled to summary judgment if the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she will have the burden of proof at trial. Celotex, 477 U.S. at 322-23. To avoid summary judgment, the nonmovant must go beyond the pleadings and come forward with specific facts, "by [his] own affidavit" or otherwise, showing that a genuine, material issue for trial exists. Id. at 324; Fed. R. Civ. P. 56(e). A nonmovant has an obligation to present affirmative evidence to support her claims. Settle v. Ross, 992 F.2d 162, 163-64 (8th Cir. 1993).

### III. Analysis

#### A. Excessive Force

Whenever prison officials stand accused of using excessive force in violation of the Eighth Amendment's prohibition of cruel and unusual punishment, the core judicial inquiry is that set forth in Whitley v. Albers, 475 U.S. 312, 320-21 (1986) (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)): "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." See also Hudson v. McMillian, 503 U.S. 1, 6 (1992); Jones v. Shields, 207 F.3d 491, 495 (8th Cir. 2000); Estate of Davis v. Delo, 115 F.3d 1388, 1394 (8th Cir. 1997). The use of force against an inmate by prison officials is cruel and unusual only if it involves "the unnecessary and wanton infliction of pain." Whitley, 475 U.S. at 319 (citing Ingraham v.

5

Wright 430 U.S. 651, 670 (1977) (quoting Estelle v. Gamble, 429 U.S. 97, 103 (1976)); Jones, 207 F.3d at 495. Factors used in making this determination include: "the need for the application of force, the relationship between the need and the amount of force that was used . . . the extent of injury inflicted . . . . the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response." Whitley, 475 U.S. at 321 (internal citations and quotations omitted). "The infliction of pain in the course of a prison security measure . . . does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense." Id. at 319. Although Whitley involved a prison riot, this same test applies to "'routine' incidents involving the use of force to maintain or restore prison security and discipline." Cowans v. Wyrick, 862 F.2d 697, 701 (8th Cir. 1988); see also Hudson, 503 U.S. at 6-7 (Whitley test applies to all allegations of excessive force).

In Hudson, the Supreme Court held that there need not be a "significant" injury for § 1983 liability, but also made clear that "not every push or shove" or "malevolent touch by a prison guard" gives rise to a federal cause of action. Id. at 9-10 (quoting Johnson, 481 F.2d at 1033). While the Eighth Amendment's prohibition of cruel and unusual punishment protects prisoners from the excessive use of force at the hands of prison officials or guards, its prohibitions exclude "from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. (citing Whitley, 475 U.S. at 327) (quoting Estelle, 429 U.S. at 106); Jones, 207 F.3d at 495. While serious or permanent injury is not required to sustain an Eighth

Amendment excessive force claim, Plaintiff must nevertheless demonstrate <u>some actual injury</u>. <u>Jones</u>, 207 F.3d at 495; <u>see also</u> <u>Lawson v. Vance</u>, 41 Fed. Appx. 24 (8th Cir. 2002) (unpub. per curiam); <u>Samuels v. Hawkins</u>, 157 F.3d 557, 558 (8th Cir. 1998) (per curiam) (affirming summary judgment in favor of defendants where inmate lacked medical evidence of actual injury caused by liquid thrown into his eyes); <u>Hickey v. Reeder</u>, 12 F.3d 754, 759 (8th Cir. 1993) (internal citations omitted) ("summary applications of force are constitutionally permissible when prison security and order, or the safety of other inmates or officers, has been placed in jeopardy").

Based on the facts as admitted and evidence submitted, it is the opinion of the Magistrate Judge that the force applied by Defendants was made in a good faith effort to maintain discipline. Plaintiff does not indicate why, after getting water from the sink after the strip search, she would need to spit that same water out in the toilet. She also claims that Defendant Williams, without provocation and for no apparent reason at all, pushed her down and held her over the toilet. However, Defendants' evidence clearly establishes that Plaintiff was attempting to destroy evidence of contraband. A small amount of tobacco wrapped in plastic, two envelopes of "Top" brand cigarette papers, and one orange pill wrapped in plastic were retrieved from the toilet, thus the need for the application of force to prevent the destruction from taking place. Plaintiff had further ignored several direct orders to comply while Defendants were attempting to restrain her with handcuffs following the recovery of the contraband. Moreover, considering the nature of the escalating situation and the absence of other officers in the direct vicinity to help, Defendants were reasonable in perceiving a threat to the safety of themselves as well as to the other inmates advancing on them in the bathroom.

To reiterate, Plaintiff was clearly warned that her failure to file a statement of facts would result in the facts in Defendants' statement being admitted. Plaintiff forfeited her ability to contest the facts presented in Defendants' summary judgment motion when she failed to respond to it (see Jackson, 272 F.3d at 1027); however, even accepting Plaintiff's recitation of the facts as true, it still cannot be said that Defendants' conduct constituted a use of force that was more than *de minimis* for Eighth Amendment purposes. The amount of force used was minimal and any injury inflicted clearly insignificant. Plaintiff claims she hit her head on the back of the toilet bowl and her knee on the floor, that Defendant Turner placed his knee in her back for ten minutes using all of his weight, and that she was placed in handcuffs that were so tight they caused her fingers to tingle, go cold, and then numb. She acknowledges that she was immediately taken to medical where she was seen by Mr. Grigsby but claims she received no treatment that night. Defendants also state that Plaintiff was taken to medical for a pre-segregation exam. The pre-segregation physical indicates that Plaintiff complained of only dull, sore pain to the left knee of mild severity. Mr. Grigsby noted the injury as a sprain with no treatment given. Viewing the facts in the light most favorable to Plaintiff, although she has demonstrated actual injury it simply cannot be said that Defendants used more than a *de minimus* amount of physical force nor was the force applied "repugnant to the conscience of mankind" given that Defendant Williams was attempting only to prevent Plaintiff from destroying evidence of contraband (an issue that is no longer in dispute based on the evidence provided). For these reasons, Plaintiff's excessive force claim should be dismissed.

## B. Prospective Injunctive Relief for Potential Retaliation or Harm

Because Plaintiff's excessive force claim should be dismissed, the Court need not address Defendants' qualified immunity argument. Defendants have failed, however, to address Plaintiff's remaining claims; therefore, this Court must. Plaintiff has also asserted a claim for injunctive relief and an order of protection for future possible retaliation or harm. Federal courts must "approach issuance of injunctive orders with the usual caution," and "need not ignore [an] inmate's failure to take advantage of adequate prison procedures" to attempt to rectify the deficiencies. Farmer v. Brennan, 511 U.S. 825, 827 (1994). Cases in this circuit and in the United States Supreme Court have long reflected the public policy of judicial restraint in the area of prison administration and of deference to administrative decisions of prison officials. Federal courts are advised to exercise restraint before unleashing the "dramatic and drastic power of injunctive force" which may be applied "only against conditions generating a presently existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights . . . ." Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982) (internal citations omitted). The Eighth Circuit has cautioned that:

> [J]udicial restraint is especially called for in dealing with the complex and intractable problems of prison administration . . . . It is therefore all the more important that federal courts abstain from imposing strict standards of conduct, in the form of injunctions, on prison officials in the absence of a concrete showing of a valid claim and constitutionally mandated directives for relief. The courts should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate.

Id.; see also Goff v. Harper, 60 F.3d 518, 520-21 (8th Cir. 1995).

Plaintiff alleges no specific claim of conduct evidencing immediate harm either real or threatened against her by Defendants. Rather, she makes nothing more than a conclusory statement that the possibility of a future constitutional violation (retaliation and/or harm) may take place. "In order for an injunction to issue, a right must have been violated." Rogers, 676 F.2d at 1214 (citing Heasley v. U.S., 312 F.2d 641, 648 (8th Cir. 1963)). Plaintiff does not allege facts that indicate she is under an immediate threat of irreparable harm; therefore, injunctive relief is inappropriate. See Rose-Maston v. NME Hosps., Inc., 133 F.3d 1104, 1109 (8th Cir. 1998) (summary judgment is appropriate where the non-moving party rests merely upon conclusory allegations and unsupported speculation; "Conclusory affidavits, standing alone, cannot create a genuine issue of material fact precluding summary judgment."); see also Williams v. Davis, 200 F.3d 538, 539 (8th Cir. 2000) (without a constitutional violation, there is no basis to award Plaintiff the relief he seeks); Dover Elevator Co. v. Arkansas State Univ., 64 F.3d 442, 445 (8th Cir.1995) (quoting Med. Laundry Serv. v. Bd. of Tr. of Univ. of Alabama, 906 F.2d 571, 573 (11th Cir. 1990)) (where there is no constitutional violation, there is no basis for a § 1983 claim).

C.     **Supplemental Jurisdiction**

In her second amended complaint (docket entry #28), Plaintiff invokes the Court's pendent supplemental jurisdiction over her claims pursuant to the state law torts of assault and battery, intentional infliction of emotional distress, and outrage. Pursuant to 28 U.S.C. § 1367(a), a federal district court must accept supplemental jurisdiction over state law claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States

Constitution." McLaurin v. Prater, 30 F.3d 982, 984 (8th Cir. 1994). A district court must accept supplemental jurisdiction over a state law claim unless: (1) the state law claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the federal claims in the case; (3) <u>the district court has dismissed all federal claims</u>; or (4) in exceptional circumstances, other compelling reasons exist for declining jurisdiction. Id. at 985 (emphasis added); see also Thomas v. Dickel, 213 F.3d 1023, 1026 (8th Cir. 2000) (no error in declining to exercise supplemental jurisdiction over state-law claims after granting summary judgment on plaintiff's federal claim). Because Plaintiff's Eighth Amendment excessive force and potential First Amendment retaliation/harm claims should be dismissed, the Court should decline to accept supplemental jurisdiction over her remaining state law claims.

## IV. Conclusion

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' motion for summary judgment (docket entry #30) should be GRANTED and Plaintiff's Eighth Amendment excessive force and First Amendment potential retaliation/harm claims should be DISMISSED WITH PREJUDICE for FAILURE TO STATE A CLAIM.

2. The Court should decline to accept supplemental jurisdiction over Plaintiff's remaining state law claims.

3. Any pending motions should be DENIED AS MOOT.

4. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any order adopting this recommendation, and any judgment entered thereunder, would not be taken in good faith.

5. This dismissal should count as a "strike" as frivolous pursuant to 28 U.S.C. § 1915(g).[1]

DATED this 29th day of June, 2005.

　　　　　　　　　　　　　　　　　/s/ signature
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[1] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS**
UNITED STATES POST OFFICE & COURTHOUSE
600 WEST CAPITOL AVENUE, SUITE 302
LITTLE ROCK, ARKANSAS 72201-3325

JERRY W. CAVANEAU
UNITED STATES MAGISTRATE JUDGE

(501) 604-5200
FAX (501) 604-5207

June 29, 2005

Ms. Michelle Diane Brown, #703194
McPherson Unit, ADC
P.O. Box 5555
Newport, AR 72112-5555

RE: Brown v. Williams, et al
Case No. 1:03CV00112

Dear Ms. Brown:

Attached is a recommended disposition of this case, which has been submitted to United States District Judge Susan Webber Wright.

Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of this letter. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing, if any, before the Magistrate Judge.

Ms. Michelle Diane Brown
June 29, 2005
Page 2

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol, Room 402
>Little Rock, AR 72201-3325

Very truly yours,

Jerry Cavaneau
United States
Magistrate Judge

JC/sh
Enclosure

cc: w/encl.
   Honorable Susan Webber Wright, United States District Judge
   Christine Ann Cryer, Assistant Attorney General
   ✓File